1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,                    No. CR-08-00449-002-PHX-DGC

10              Plaintiff,                        **ORDER**

11  v.

12  Joshua Aurelio Phillips,

13              Defendant.

14

15

16          Defendant Joshua Aurelio Phillips is serving a 20-year prison sentence for second

17  degree murder.  Doc. 131; *see* 18 U.S.C. § 1111(a).  He has filed a one-page motion for

18  resentencing under § 404(b) of the First Step Act of 2018.  Doc. 149.  The government has

19  filed a response.  Doc. 150.  For reasons stated below, the Court will deny the motion.

20          A sentence of imprisonment is final and may be modified only in narrow

21  circumstances, including when "expressly permitted by statute."  18 U.S.C. § 3582(c).  The

22  First Step Act allows defendants to file a motion requesting that the sentencing court reduce

23  their sentence.  *See United States v. Butler*, No. 3:07-CR-438-05, 2020 WL 3002345, at *2

24  (E.D. Va. June 4, 2020).  Specifically, Section 404(b) of the First Step Act states:

25          A court that imposed a sentence for a covered offense may, on motion of the
            defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair
26          Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect
            at the time the covered offense was committed.
27

28

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).[1]  Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.*  "The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by 'increasing the amount of cocaine base required to trigger certain statutory penalties.'"  *Butler*, 2020 WL 3002345, at *2 (quoting *United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019)); *see United States v. Boulding*, --- F.3d ----, 2020 WL 2832110, at *2-3 (6th Cir. June 1, 2020).

Defendant was convicted and sentenced for second degree murder, not a cocaine-related offense.  Doc. 131; *see* Doc. 150 at 2.  The statutory penalties for second degree murder were not modified by section 2 or 3 of the Fair Sentencing Act.  *See* 18 U.S.C. § 1111(b) ("Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.").  Defendant does not explain, and it is not otherwise clear to the Court, how § 404 of the First Step Act applies in this case.

Because Defendant has failed to show that a sentence reduction is warranted, the Court will deny his motion.  *See United States v. Conn*, No. 2:19-CR-00250-3, 2020 WL 2764613, at *1 (S.D.W. Va. May 27, 2020) ("[Defendant] was convicted of one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 2 & 1951.  The statutory penalties for § 1951 were not modified by section 2 or 3 of the Fair Sentencing Act.  [Defendant] is not therefore eligible for relief under § 404 of the First Step Act."); *United States v. Olivares*, No. CR. 10-50118-01-JLV, 2020 WL 2737037, at *4 (D.S.D. May 26, 2020) ("Olivares' drug convictions are not a 'covered offense' under § 404 of the First Step Act because they involve methamphetamine not crack cocaine. . . . [The] motion for relief under [§] 404 of the First Step Act is denied.") (internal citations omitted); *United States v. Gutierrez-Ayala*, No. CR 09-49(1) ADM/HB, 2020 WL 2572523, at *1 (D. Minn. May 21, 2020) ("Section 2 or 3 of the Fair Sentencing Act did not modify the statutory

---

[1] Defendant makes clear in his motion that he seeks a sentence reduction pursuant to § 404(b) and not compassionate release under the First Step Act.  Doc. 149 at 1; *see* Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018); 18 U.S.C. § 3582(c)(1)(A).

1   penalty for Gutierrez-Ayala's offense.  As a result, Gutierrez-Ayala is not eligible for a

2   sentence reduction under § 404 of the First Step Act.").

3         **IT IS ORDERED** that Defendant's motion for relief pursuant to § 404(b) of the

4   First Step Act (Doc. 149) is **denied**.

5         Dated this 8th day of June, 2020.

6

7   *David G. Campbell*

8           David G. Campbell

9       Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28